UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MICHAEL RUGGIERO | Crim. Action No.: 19-00427 (RK) <br><br> **OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on *pro se* Defendant Michael Ruggiero's ("Defendant") motions for compassionate early release pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Compassionate Release Motions"). (*See* ECF Nos. 54, 61.) The Government opposes these motions. (*See* ECF Nos. 59, 64.) Also before the Court are Defendant's Motions to seal concurrently filed Appendices to his Compassionate Release Motions. (ECF Nos. 55, 62.) For the reasons below, the Compassionate Release Motions (ECF Nos. 54, 61) are **DENIED**. Defendant's Motions to seal his concurrently filed Appendices containing medical information (ECF Nos. 55, 62) are **GRANTED**.

I. **BACKGROUND**

a. Factual Background

In June 2019, Defendant entered a plea of guilty to a one-count Information that charged him with distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1) and 2. (ECF No. 43 ("Judg.") at 1.) On February 5, 2020, the Hon. Peter G. Sheridan (ret.) sentenced Defendant to 84 months in prison, plus five years of supervised release—varying

1

approximately one year below the advisory guidelines range of 97 to 121 months. (ECF No. 46 ("Sentencing Tr.") at 29:21–30:10; *see also* ECF No. 41; ECF No. 59 at 10.) According to information from the BOP, Defendant's current projected release date is March 2, 2025. *Inmate Locator*, BUREAU OF PRISONS, https://perma.cc/6NAM-8KWT (last visited Aug. 14, 2024).

During his incarceration, Defendant injured his hand while he was working in facilities maintenance at the Federal Medical Center, Devens on March 1, 2022. (ECF No. 54 at 8, 13.) After this injury, Defendant was then taken to a hospital "two hours later" where his finger was "sew[n]" back on. (*Id.* at 13.) According to a March 1, 2022 BOP Health Services Clinical Encounter report (the "March 1, 2022 Quist Encounter Report") detailing services provided by medical provider Daniel Quist, Physician's Assistant, Defendant reported that "he was cutting a piece of wood on a table saw when [Defendant] accidentally cut his left middle finger." (ECF No. 59, Ex. A at 96.) The March 1, 2022 Quist Encounter Report also states: "Inmate was brought to the clinic for evaluation. He was found to have a complex laceration/avulsion to the distal aspect of his left middle finger. There was no evidence of any amputation . . . . There was (sic) bone fragments noted within the wound." (ECF No. 59, Ex. A at 97.) The March 1, 2022 Quist Encounter Report continues further:

> Inmate has an open fracture with complex laceration/avulsion to the distal aspect of his left middle finger. In addition there are bone fragments within the wound. Due to the fact that he has and an open fracture along with the complexity of his wound, he will be sent to the local ER via government vehicle for further care and evaluation.

(*Id.*) In another BOP Health Services Clinical Encounter Report from later that same day authored by F. Fandreyer, Family Nurse Practitioner, ("March 1, 2022 Fandreyer Encounter Report"), it details that Defendant's finger suffered an "open fracture of left middle finger from table saw

2

3/1/22[.]" (*Id.* at 85.)  The visit notes from the March 1, 2022 Fandreyer Encounter Report state that "a hand surgery consult was placed" with the priority marked as "urgent." (*Id.*)

Later documentation shows that Defendant regularly received follow-up care surrounding this injury, which included: medication administration, x-rays of his hand, and physical therapy. (*E.g.*, ECF No. 59, Ex. B. at 13, 27, 35, 44–45, 88, 92.)  It also appears that the question of Defendant's hand surgery was resolved. With respect to what further follow-up care was recommended for Defendant with respect to his prospective hand surgery, Dr. Paul Lin, M.D. ("Dr. Lin") authored a note dated October 12, 2023 which states the following:

> I saw Mr. Ruggiero at LSCI Allenwood today, 10-12-23. He comes in for evaluation of the long finger of his left hand, an injury that happened about a year ago. It looks like he might have a nonunion of the distal phalanx. He actually has good function. *My recommendation is clearly for nonoperative care.* There is no bone grafting procedure that is likely to help this injury. I think that if he starts using it more normally he will learn to adapt. He is being released in nine months. *No follow-up necessary.*

(ECF No. 59, Ex. B at 204) (emphases added).

    b.  PROCEDURAL HISTORY

On April 29, 2020, Defendant moved for a Reduction of Sentence pursuant to 18 U.S.C. 3582 (c)(1)(A). (*See* ECF No. 44.)  The Government opposed that motion. (*See* ECF No. 45.) Defendant later moved to withdraw his April 29, 2020 motion on October 5, 2020—a motion that was granted that same day. (*See* ECF Nos. 51, 52.)

Thus, Defendant's first Motion for Compassionate Release was entered on October 31, 2023 (the "First Motion"). (*See* ECF No. 54.)  Defendant also filed a Motion to Seal his concurrently-filed Appendix to his Motion for Compassionate Release. (*See* ECF No. 55.)  The Government filed its Opposition to the First Motion on December 20, 2023. (ECF No. 59.)

Defendant Replied on January 4, 2024. (ECF No. 60.) Defendant moved to supplement his First Motion on March 18, 2024 with what appears to be an additional Motion for Compassionate Release arguing in favor of a reduction in his sentence based upon several § 3553(a) factors (the "Second Motion"). (ECF No. 61.) Defendant also filed a Motion to Seal his concurrently-filed Appendix to his Second Motion. (*See* ECF No. 62.) The Government filed its Opposition to the Second Motion on May 21, 2024. (*See* ECF No. 64.) This case was reassigned to the undersigned on July 12, 2024. (*See* ECF No. 74.)

## II.  **STANDARD**

Once a federally imposed sentence commences, a district court has limited authority to modify that sentence. *Dillon v. United States*, 560 U.S. 817, 825 (2010). However, 18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to request a reduction in sentence if certain parameters are met. *See* 18 U.S.C. § 3582(c)(1)(A). Before a defendant can bring a motion for reduced sentence on their own behalf directly with the district court, a defendant "must ask the Bureau of Prisons ('BOP') to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (discussing the exhaustion requirement). After this, a court may reduce an inmate's sentence if it finds that there are "extraordinary and compelling reasons" that warrant a reduction; and it considers the sentencing factors set forth in § 3553(a), as applicable. *United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020).

Effective November 1, 2023, the Sentencing Commission amended its Sentencing Guidelines to expand the list of circumstances that could be considered "extraordinary and compelling" circumstances meriting compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13. As is relevant here, one of the amendments to the Sentencing Guidelines

expanded the concept of an "extraordinary and compelling" medical condition warranting release to include a long-term, specialized medical condition (the "Guidelines Amendment"). *See* U.S.S.G. § 1B1.13(b)(1)(C). Specifically, the Guidelines Amendment provides that "extraordinary and compelling" circumstances exist where a "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

### III. DISCUSSION

The Parties agree that Defendant has exhausted his administrative remedies. (ECF No. 59 at 3.) Therefore, the Court begins its analysis with Defendant's claims that the circumstances before the Court are extraordinary and compelling. Defendant argues that he presents an "extraordinary and compelling reason" for his compassionate release because he has a medical condition that requires specialized care "that is not being provided and without which he is at risk of losing the function of his hand." (ECF No. 54 at 12.) He argues that if the remaining months of his sentence were "trimmed off, he could get the necessary surgery and treatment so that he could prevent further permanent injury to his hand." (*Id.*) Thus, Defendant is generally arguing that surgery is necessary to avoid life-long problems; in turn, he argues this exposes him to a risk of serious deterioration in his health. In support of his First Motion, Defendant appends several exhibits—including what appears to be hand-written symptom log and a letter of support from General Maintenance supervisor. (*See* ECF No. 55, Ex. F; Ex. G.)

The Court agrees with the Government that the injury to Defendant's finger does not implicate the "serious deterioration in health or death" contemplated by the Guidelines

5

Amendment.[1] Defendant's injury is not an "extraordinary and compelling" circumstance within the meaning of the Guidelines Amendment. *E.g, United States v. McAdams*, No. 09-cr-00737, 2024 WL 863380, at *4 (D.N.J. Feb. 29, 2024) (noting that defendant's alleged renal failure after being placed on a diabetes medication fell short of establishing a health issue constituting an "extraordinary and compelling" reason for a reduction in sentence under U.S.S.G. § 1B1.13(b)(1)); *United States v. Yarbrough,* No. 06-cr-00203, 2023 WL 8614050, at *5 (W.D. Pa. Dec. 13, 2023) (finding that a treated cardiovascular condition was not an "extraordinary and compelling reason" within U.S.S.G. § 1B1.13(b)(1)); *see also United States of America v. Kenneth Daniels*, No. 15-cr-127, 2024 WL 3069814, at *4 (E.D. Pa. June 18, 2024) (finding that a liver cyst—where medical reports did not indicate that said cyst presented an advanced illness with an end-of-life trajectory—was not an "extraordinary and compelling reason" within the meaning of U.S.S.G. § 1B1.13(b)(1)).

Defendant's Motions also fail because he does not demonstrate that the applicable § 3553(a) factors warrant a reduction in his sentence. While in his Second Motion Defendant argues that he has been undertaking serious rehabilitative efforts which merit a reduction in his sentence, (*see* ECF No. 61 at 2–4, 8–13; ECF No. 54 at 24), the very serious nature of Defendant's crimes weigh against any alteration of Defendant's sentence. As pointed out by the Hon. Peter G. Sheridan (ret.) at Sentencing, Defendant is responsible for perpetrating "a heinous crime . . . and it needs to be punished." (Sentencing Tr. at 24:9–10.) Specifically, Defendant entered a plea of guilty to a one count Information that charged him with distribution of child pornography. (*See*

---

[1] Further, the Court notes that there is ample evidence that Defendant is receiving repeated follow-up and specialist care in a timely manner while incarcerated. (*See* ECF No. 59, Ex. B. at 13, 27, 35, 44–45, 88, 92.) Indeed, surgery on Defendant's condition does not even appear to be suggested as an advisable course of action. In a follow-up with Dr. Lin a few weeks before the First Motion was filed, Dr. Lin noted in his evaluation of Defendant: "My recommendation *is clearly for nonoperative care . . . . No follow-up necessary.*" (ECF No. 59, Ex. B at 204) (emphasis added).

ECF No. 34.) Victims in this case were children as young as seven years old. (Sentencing Tr. at 27:23–28:01.) The time that Defendant is serving—particularly where the Court already granted a downward variance—is an appropriate reflection of the severity of his crimes.

## CONCLUSION

For the reasons set forth above, Defendant's Compassionate Release Motions (ECF Nos. 54, 61) are **DENIED**. Defendant's Motions to Seal his concurrently-filed Appendices to his Compassionate Release Motions are **GRANTED**. (ECF Nos. 55, 62.) An appropriate Order will accompany this Opinion.

                                                                         **ROBERT KIRSCH**
                                                                         **UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: August 16, 2024